UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PERNOD RICARD USA, LLC, )
 )
    Plaintiff / Counterclaim Defendant, )
 )
    v. ) No.  4:13CV00064 AGF
 )
MAJOR BRANDS, INC., )
 )
    Defendant / Counterclaim Plaintiff, and )
 )
MID-CONTINENT DISTRIBUTORS, INC., )
d/b/a/ GLAZER'S MIDWEST, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

    This matter is before the Court on Plaintiff's motion to bifurcate its action for declaratory judgment from Defendant Major Brands, Inc.'s counterclaims, and to accelerate a hearing in Plaintiff's declaratory judgment action.  For the reasons set forth below, this motion shall in essence be granted.

## BACKGROUND

    On January 14, 2013, Plaintiff Pernod Ricard USA, LLC, a manufacturer of wine and spirits, terminated the rights of Defendants, two competing distributors of wine and spirits, to distribute Plaintiff's brand products in the State of Missouri, effective April 14, 2013.  Also on January 14, 2013, Plaintiff filed this action seeking a declaratory judgment that its termination of Defendants' distribution rights did not violate the

1

Missouri Franchise Act, Mo. Rev. Stat. § 407.413 ("MFA"), because the parties' distribution relationship was not subject to the Act.

On February 5, 2013, Major Brands, Inc. ("Major Brands") filed a counterclaim for a declaration that its relationship with Plaintiff constituted a "franchise" under the MFA and that Plaintiff had no legal right to terminate Major Brands as a distributor. Major Brands also asserts counterclaims of violation of the MFA, breach of contract, breach of the covenant of good faith and fair dealing, recoupment, unjust enrichment, and tortious interference with business expectancy.

By Order dated March 3, 2014, the Court[1] informed the parties that the case was preliminarily designated as a Track 2 case, with anticipated resolution within 18 months of the filing of the complaint. On March 22, 2013, the parties submitted a Joint Proposed Scheduling Plan, in which Plaintiff asked that the case be redesignated as a Track 1 case, with Plaintiff's claim for declaratory judgment bifurcated and resolved by the end of August 2013. On the same day, Plaintiff filed the motion now under consideration.

In support of its motion to bifurcate its declaratory judgment claim from Major Brands' counterclaims, Plaintiff argues that if it prevails on its declaratory judgment claim, there would be no need to try the merits of Major Brands' counterclaims, "much less consider whether any damages should be awarded." Plaintiff maintains that all of Major Brands' counterclaims are premised on its position that Plaintiff's termination of Major Brands' distributorship was improper under the MFA.

---

[1] At the time, the case was assigned to the Honorable Charles A. Shaw, and was reassigned to the undersigned on April 19, 2013.

In support of its request to expedite its declaratory judgment claim, Plaintiff states that the Missouri legislature is likely to enact a bill that is now pending before it pursuant to which the MFA would apply to Plaintiff.  According to Plaintiff, this bill could become law on August 28, 2013.  Plaintiff posits that if its declaratory judgment claim is not resolved before that time, Major Brands is likely to argue that the new law should be applied retroactively to its distribution agreement with Plaintiff, whereas if the declaratory judgment claim is tried to verdict prior to August 28, 2013, that issue would be eliminated from the case.[2]

Major Brands responds that the bifurcation and acceleration proposed by Plaintiff would prejudice Major Brands and result in the duplicative presentation of evidence at different times, and waste the parties' and this Court's time and resources.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(a).  District courts are given "considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced." *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 64 F.3d 1202, 1209 (8th Cir. 1995).

---

[2]  On April 23, 2013, the Court granted Plaintiff's unopposed motion for judgment on the pleadings against Defendant Mid-Continent Distributors, Inc.

While the counterclaim that seeks damages for violation of the MFA is the only counterclaim, besides the one for declaratory judgment, that is directly dependent on the declaratory judgment claim and counterclaim, the Court believes that bifurcation of the declaratory judgment claim and counterclaim from the state tort counterclaims is warranted here. *See Id.* at 1209 (approving such a procedure in similar circumstances.) The Court discerns no prejudice to Major Brands in proceeding in this manner.

The Federal Rules also provide that in an action for declaratory judgment, "[t]he court may order a speedy hearing." Fed. R. Civ. P. 57. Here, the Court will move forward with the declaratory judgment aspect of the case as quickly as reasonable, without directly taking into account the actions of the Missouri legislature, which in any event, are speculative.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to bifurcate its action for declaratory judgment from Defendant Major Brands' counterclaims, and to accelerate the declaratory judgment action, is **GRANTED** to the extent that the claim and counterclaim for declaratory judgment shall be bifurcated from Major Brands' other state law counterclaims, with the specific schedule for the case to be set in a Case Management Order that the Court shall issue after a Rule 16 scheduling conference is held in this case. (Doc. No. 27.)

4

**IT IS FURTHER ORDERED** that a Rule 16 scheduling conference shall be set by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2013.